UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, as subrogee for Gerard and Velma Michaelsen,<br><br>Plaintiff,<br><br>v.<br><br>RHEEM MANUFACTURING COMPANY, a Delaware corporation, and DANNY ZAVALA, individually and on behalf of his marital community<br><br>Defendants. | No. 4:18-cv-05167-SMJ<br><br>**ORDER GRANTING MOTION TO REMAND** |

Before the Court, without oral argument,[1] is Defendant Danny Zavala's Motion to Dismiss for Want of Subject Matter Jurisdiction or for Remand, ECF No. 26. Zavala moves to dismiss this case or to remand it to the state court from which it was removed. Zavala contends that because both he and Gerard and Velma Michaelsen, on whose behalf Plaintiff Safeco Insurance Company of America ("Safeco") brought suit as subrogee, are citizens of Washington State, there is not

---

[1] Although Zavala's motion is noted for hearing with oral argument, the Court considers oral argument unnecessary and therefore decides the motion without it. *See* LCivR 7(i)(3)(B)(iii).

ORDER GRANTING MOTION TO REMAND - 1

complete diversity of citizenship and the Court lacks jurisdiction. Safeco and Defendant Rheem Manufacturing Company ("Rheem") oppose the motion, contending the Michaelsens are nominal parties whose presence should not be considered in assessing diversity. For the reasons that follow, the Court finds the Michaelsens *are* real parties in interest to the litigation, and therefore remands for lack of jurisdiction.

## BACKGROUND

The Michaelsens owned a home in Prosser, Washington, and insured it against loss through Safeco. ECF No. 9 at 1–2. In 2014, Zavala installed a furnace manufactured by Rheem in the Michaelsens' home. *Id.* at 2. On Christmas Eve 2017, the furnace allegedly malfunctioned, causing a fire which resulted in serious damage to the home. *Id.* The Michaelsens filed a claim against their property insurance policy and Safeco paid them the value of the damage to their home, minus a $2,500 deductible—approximately $192,000. *Id.*

On September 5, 2018, Safeco, as subrogee of the Michaelsens, brought suit against Rheem alleging defects in the design, manufacture, and installation of the furnace at issue. *Id.* The suit was originally brought in the Benton County, Washington Superior Court. *Id.* On October 16, 2018, Rheem removed the case, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1. Safeco subsequently moved to amend the complaint to add Zavala as an additional

Defendant. ECF No. 7. The Court granted the motion, and on February 11, 2019, Safeco filed a First Amended Complaint. ECF Nos. 8, 9.

Zavala now moves to dismiss this action, or in the alternative to remand to the state court, asserting the Court lacks subject matter jurisdiction. ECF No. 26. Zavala claims that under Washington law, the Michaelsens are parties in interest to the litigation notwithstanding Safeco's status as subrogee of their claims. *Id*. at 4–6. Zavala, who is a Washington resident, *see* ECF No. 37-1, contends that there is therefore not complete diversity of citizenship, and the Court must dismiss or remand. *Id.* at 6–8. Safeco and Rheem oppose the motion, arguing the Michaelsens are not properly considered in the diversity calculus and, if the Court were to disagree, that the appropriate remedy is remand, not dismissal. ECF Nos. 31, 32.

## LEGAL STANDARD

The jurisdiction of the federal courts is limited. A defendant may generally invoke that jurisdiction by removing from a state court any suit over which the federal court would have had jurisdiction originally. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction, and the Defendant always bears the burden of establishing jurisdiction exists. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Doubts as to the propriety of

removal are resolved in favor of remand. *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Removal jurisdiction premised on diversity of citizenship, once obtained, is not perpetual; the subsequent joinder of a non-diverse party strips the Court of jurisdiction. *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 946 (9th Cir. 2004). Thus, when presented with a motion to join a party whose presence would eliminate complete diversity, the Court has two options: "deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

In cases such as this, where an insurer sues in a representative capacity on behalf of an insured to whom it has paid policy proceeds—that is, by virtue of a contractual or equitable right of subrogation—the analysis begins with Federal Rule of Civil Procedure 17(a), which provides that "[a]n action must be prosecuted in the name of the real party in interest." Because a federal court sitting in diversity applies the substantive law of the state, identifying the real party in interest requires the Court to determine which is the proper party to maintain the action under the relevant state's law. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093–94 (9th Cir. 2004) (citing *Am. Triticale, Inc. v. Nytco Servs., Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981)).

Under Washington law, when an insurer brings suit as subrogee to its insured,

the insured remains the real party in interest.² *See Allstate Ins. Co.*, 358 F.3d at 1091–92 (citing *Mahler v. Szucs*, 957 P.2d 632, 640, *order corrected on denial of reconsideration*, 966 P.2d 305 (Wash. 1998), *implied overruling on other grounds recognized in Matsyuk v. State Farm Fire & Cas. Co.*, 272 P.3d 802 (2012)); *McRory v. N. Ins. Co. of New York*, 980 P.2d 736, 739 (1999) ("The insured, not the insurer, is the real party in interest.")).

# DISCUSSION

Few of the facts in this matter are uncertain. Zavala is a citizen of Washington.³ ECF No. 9 at 2. The Michaelsens are citizens of Washington. ECF

---

² In contrast to suits brought by virtue of a right to subrogation, Washington law expressly authorizes the contractual *assignee* of another's claim to sue in its own name. *See* Wash Rev. Code. § 4.08.080 ("Any assignee . . . may, by virtue of such assignment, sue and maintain an action or actions in his or her name."). As such, when an insurer sues as *assignee* of its insured's claim, rather than *subrogee* to that claim, the citizenship of the claim's assignor is irrelevant. *See Absher Const. Co. v. N. Pac. Ins. Co.*, No. C10-5821JLR, 2012 WL 13707, at *5 (W.D. Wash. Jan. 3, 2012). However, there is no evidence in the record from which the Court could infer that the Michaelsens assigned their claims against Rheem or Zavala to Safeco; to the contrary, the fact that the Michaelsens stand to recover their $2,500 deductible militates against a finding that Safeco is their contractual assignee. Moreover, Safeco repeatedly refers to its relationship with the Michaelsens as one arising out of subrogation, not assignment, principles. *See* ECF No. 31 at 5 ("Safeco Is The Real Party In Interest In This Property Subrogation Lawsuit"); *id.* ("Safeco has filed a subrogation claim Against Rheem and Zavala"). Accordingly, the Court limits its analysis to applicable principles of subrogation and does not consider Safeco's standing to bring suit as assignee of the Michaelsens' claim, or whether the Court could properly exercise jurisdiction over the matter had it done so.

³ Safeco initially challenged Zavala's United States citizenship, a prerequisite to state citizenship necessary to defeat diversity jurisdiction. *See* ECF No. 31 at 4.

No. 9 at 2; *see also* ECF No. 31-2. Thus, if the Michaelsens are parties in interest to the litigation, there is not complete diversity of citizenship between the parties, and the Court lacks jurisdiction. *See* 28 U.S.C. § 1447(e); *Gaus*, 980 F.2d at 566.

Under Washington law, the Michaelsens are the real parties in interest in this dispute. *McRory*, 980 P.2d at 739. To be sure, Safeco has a right to reimbursement from the party liable for the damage to the Michaelsens home because Safeco, as the Michaelsens' insurer, compensated them for that loss. But Safeco's right to such reimbursement arises by virtue of its status as subrogee to the Michaelsens. And under such circumstances, Washington law clearly provides that "[t]he insured, not the insurer, is the real party in interest." *McRory*, 980 P.2d at 739.

The cases cited by Safeco and Rheem to escape this conclusion, neither of which dealt with the issue of the real party in interest, are unavailing. *See* ECF No. 31 at 10 (citing *Chen v. State Farm Mut. Auto. Ins. Co.*, 94 P.3d 326, 330 (Wash. Ct. App. 2004); (holding insured not entitled to pro rata attorney fees under common fund doctrine in case where subrogee insurer recovered funds paid to

---

Contrary to Safeco's argument, a party need not *prove* facts of jurisdictional significance unless those facts are disputed. At the pleading stage, allegations of jurisdictional fact need not be proven unless challenged. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). Thus, Zavala's failure to do so in moving to dismiss is not fatal. And in response, Zavala submitted a copy of his United States birth certificate. ECF No. 37-1. As such, for purposes of diversity jurisdiction, the Court considers Zavala a citizen of Washington. *See id.*; *see also* ECF No. 27 at 1–2.

ORDER GRANTING MOTION TO REMAND - 6

insured for property damage); *Meas v. State Farm Fire & Cas. Co.*, 123 P.3d 519, 523 (Wash. Ct. App. 2005) (holding subrogation right gave insurer right to pursue tortfeasor for amount paid to insured by virtue of insured's property damage). Accordingly, the Court finds no basis to depart from applying the rule of Washington law that in the subrogation context "[t]he insured, not the insurer, is the real party in interest." *McRory*, 980 P.2d at 739. Thus, considering the citizenship of both Zavala and the Michaelsens, there is not complete diversity of citizenship, and the Court lacks jurisdiction. *See Allstate Ins. Co.*, 358 F.3d at 1093–94; *see also Travelers Indem. Co. v. Hoffman Constr. Co. of Washington*, No. 2:16-CV-00431-SAB, 2018 WL 2470725, at *3 (E.D. Wash. June 1, 2018) (dismissing for lack of subject matter jurisdiction where insurer sued Washington Defendant as subrogee of Washington university).

The only remaining issue is the appropriate course of action based on that conclusion. Zavala moves to dismiss the case for lack of jurisdiction or, in the alternative, to remand the case to the state court. Safeco and Rheem contend that if jurisdiction is lacking, the proper remedy is remand, not dismissal. The Court agrees with Safeco and Rheem. 28 U.S.C. § 1447(e) envisions a scenario such as this one, when joinder of a non-diverse party would eliminate complete diversity in a case previously removed from the state court. That statute provides the Court two options: "deny joinder[] or permit joinder and remand the action to the State court."

*Id.* Zavala cites no authority for the proposition that the Court may dismiss a matter simply because the Court permits joinder of a non-diverse party. As such, this matter is remanded to the Superior Court for the State of Washington, Benton County.

## CONCLUSION

Under Washington law, when an insurer sues on behalf of its insured by virtue of a right of subrogation, the insured remains the real party in interest, notwithstanding the fact that they may have little to gain by litigating or lack the desire to participate. Here, the Michaelsens remain the real parties in interest, and Safeco's role in the suit is that of subrogee. Safeco's decision to join Zavala—a motion to which Rheem did not object—eliminated complete diversity and divested the Court of jurisdiction. The motion is granted, and the matter is remanded to the state court.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Danny Zavala's Motion to Dismiss for Want of Subject Matter Jurisdiction or for Remand, **ECF No. 26**, is **GRANTED**.

2. This matter is **REMANDED** to the Benton County, Washington Superior Court, case number 18-2-02240-03.

3. All parties shall bear their own costs and attorneys' fees.

4. All pending motions are **DENIED AS MOOT**.

5. All hearings and other deadlines are **STRICKEN**.

6. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 6th day of February 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge